UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00043-JRS-MPB |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION (AMTRAK), ) | |
| ) | |
| Defendant. ) | |

**Order**

This matter comes before the Court on Defendant's Motion to Exclude Expert Opinions From Plaintiff's Medical Providers under Rule 37(c). (Def.'s Mot., ECF No. 40.) Plaintiff filed a response asking the Court to deny Defendant's Rule 37(c) motion. (Pl.'s Resp., ECF No. 42.) In reply, Defendant again explained why the Court should grant Defendant's Motion to Exclude Expert Opinions. (Def.'s Reply, ECF No. 43.) For the reasons that follow, the Court grants Defendant's Motion. (Def.'s Mot., ECF No. 40.)

**A. Background**

Kenneth Brown, a machinist for Amtrak, stumbled and fell on a section of broken concrete in the designated walkway at Amtrak's Beech Grove Diesel Shop. (Pl.'s Compl., ECF No. 1.) Brown filed suit against Amtrak under the Federal Employers' Liability Act alleging that this fall caused injury to his right shoulder and cervical spine. (*Id.*)

Under the Case Management Plan, Brown was required to "file preliminary witness and exhibit lists on or before May 14, 2019." (Order Case Mgmt. Plan ¶ III.B., ECF No. 28.) He was also required to serve expert disclosures under Fed. R. Civ. P. 26(a)(2) on or before January 7, 2020. (*Id.* ¶ III.F.)

Brown served his preliminary witness and exhibit lists on May 7, 2019, but he did not file them until May 31, 2019. (*See* Def.'s Mem. Supp. Mot. ¶ 4, ECF No. 41.) In his preliminary witness and exhibit lists, Brown listed that four of his treating physicians would be expected to testify concerning causation. (ECF No. 30.)

According to Brown, Dr. Robert Klitzman, an orthopedic specialist, performed right shoulder arthroscopy with labrum repair and debridement of the rotator cuff. (*Id.*) Dr. Klitzman also provided physical therapy and pain management for the continuing pain and limited mobility of the right shoulder. (*Id.*) Dr. Camden Burns evaluated Brown's shoulder pain, administered cervical epidural injections, and performed an anterior cervical discectomy fusion. (*Id.*) Dr. Chetan Shukla and Dr. Steven Levine helped administer the pain management treatments under Dr. Klitzman and Dr. Camden. (*Id.*) Brown stated in his preliminary witness and exhibit lists that each of these physicians would testify how the fall caused or contributed to the pain in his right shoulder and spine. (*Id.*)

However, according to Amtrak, Brown did not serve Rule 26(a)(2) reports for any of the physicians by the deadline of January 7, 2020. (Def.'s Mem. Supp. Mot. ¶ 4, ECF No. 41.) Brown's only attempt at expert disclosures was to deliver a letter from Dr. Camden to Amtrak on February 1, 2020. (*Id.*) Brown filed his final witness and

exhibit list maintaining that the above physicians would testify on causation. Amtrak filed a Motion to Exclude Expert Opinions from Plaintiff's Medical Providers under Rule 37(c).

### B. Discussion

In Amtrak's opening brief, it argues that Brown clearly did not meet Rule 26(a)(2). (Def.'s Mem. Supp. Mot., ECF No. 41.) It emphasizes that disclosing that experts' opinions will match medical records is not enough. (*Id.*) Because of this failure, Amtrak argues that the Court should exclude all non-disclosed expert witnesses under Rule 37(c). (*Id.*) In response, Brown argues that his preliminary witness lists provided enough information for there to be no unfair surprise for Amtrak at trial. (Pl.'s Resp., ECF No. 42.) Brown also emphasizes the harmless nature of his alleged failure to disclose. (*Id.*) In reply, Amtrak argues that Brown's preliminary witness lists do not provide any facts as required by Rule 26(a)(c)(C). (Def.'s Reply, ECF No. 43.) It further argues that because it is prejudiced in its ability to attempt to use *Daubert* to challenge the expert testimony, the failure was not harmless and Rule 37(c) should be applied. (*Id.*)

Two questions are before the Court: (1) whether Brown complied with Rule 26(a) and, (2) if he did not, whether his treating physicians should be allowed to give expert testimony under Rule 702.

Rule 26(a)(2)(A) requires a party to disclose the identity of a witness who will present expert testimony under Federal Rule of Evidence 702. *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018). Since Brown's physicians were non-

3

retained experts, Brown was required to disclose (1) the subject matter of his expert testimony and (2) "a summary of the facts and opinions" on which the physicians would have testified. *Id.* (citing Fed. R. Civ. P. 26(a)(2)(C)); *see* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (providing a treating physician as an example of a non-retained expert). Brown had to serve expert disclosures by the court-ordered deadline in the Case Management Plan. Fed. R. Civ. P. 26(a)(2)(D). Finally, all disclosures under Rule 26(a) "must be in writing, signed, and served." Fed. R. Civ. P. 26(a)(4).

In making disclosures, "[t]here is a significant distinction between disclosing an individual as a fact witness under Rule 26(a)(1)(A) and disclosing an expert witness under Rule 26(a)(2). *Karum Holdings LLC*, 895 F.3d at 951. The duty to disclose "a witness *as an expert* is *not* excused when a witness who will testify as a fact witness *and* as an expert witness is disclosed as a fact witness." *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012). While expert disclosures may seem a pointless formality, "[k]nowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004). The failure to disclose experts prejudices the other party because it precludes their ability to attempt to use the *Daubert* standard to challenge their expert testimony, retain rebuttal experts, or hold additional depositions to retrieve information. *Id.* at 758; *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

In this case, while Brown may have presented a summary of facts and opinions on which his treating physician witnesses would testify, he did little to designate them

4

in any way as experts. In other words, Brown disclosed his expert witnesses in the exact same way he disclosed his fact witnesses. The only way Amtrak could have known Brown was disclosing experts was on the bare assertion that some of the witnesses would testify to causation. Brown's duty to disclose his experts was not excused simply by disclosing the treating physicians as fact witnesses. Therefore, Brown failed to comply with Rule 26(a)(2). Based on that, the Court must now determine adequate sanctions for this failure.

Under Rule 37(c)(1) if a party fails to comply with Rule 26(a), the undisclosed evidence is excluded from the trial "unless the failure was substantially justified or is harmless." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019). The Seventh Circuit has outlined several factors to help districts courts make Rule 37 determinations: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (quoting *Tribble*, 670 F.3d at 760). Finally, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Here, there seems to be no justification for Brown's failure to designate his treating physicians as expert witnesses, other than his erroneous assumption that disclosing a witness is the same as disclosing an expert witness. Furthermore, Brown's failure cannot be deemed harmless. Amtrak is clearly prejudiced by the non-

5

disclosure of key expert witnesses. Without knowing who Brown would use to testify on causation, Amtrak was unable to attempt to use the *Daubert* standard to exclude Brown's expert testimony, retain rebuttal experts, or hold additional depositions to retrieve information for Amtrak's defense at trial.

In addition, the prejudice cannot be cured without significantly disrupting trial. Discovery ended on February 7, 2020, and trial is set for August 17, 2020. In order to cure this prejudice to Amtrak, discovery would have to be reopened to allow Amtrak to pursue any of the options they have for dealing with Brown's expert witnesses, and possibly moving the upcoming trial date. This would clearly disrupt trial. The only factor that comes out in Brown's favor is his lack of bad faith. It does not seem he purposefully withheld disclosures in order to surprise Amtrak at trial. Nevertheless, the overall weight of the factors leads the Court to find that Brown's failure to disclose was neither justified nor harmless.

### C. Conclusion

The Court determines that Brown has failed to comply with the expert-disclosure requirements under Rule 26(a)(2). Since this failure was neither justified nor harmless, the Court **GRANTS** Amtrak's Rule 37(c) Motion to Exclude Expert Opinions from Plaintiff's Medical Providers. (ECF No. 40). As Amtrak did not raise whether these witnesses can offer testimony under Federal Rule of Evidence 701, the Court makes no determination on that issue.

**SO ORDERED.**

Date: 6/16/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all parties of record via CM/ECF